UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMOTHY COOPER,

                Petitioner,

v.                              Case No. 3:11-cv-783-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS AND
THE ATTORNEY GENERAL OF
THE STATE OF FLORIDA,

                Respondents.

_____

**ORDER**

**I. Status**

      Petitioner Timothy Cooper, an inmate of the Florida penal system, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. #1) under 28 U.S.C. § 2254 on August 2, 2011. Cooper filed an Amended Petition (Doc. #7) on September 7, 2011. In this action, Cooper challenges a 2007 state court (Duval County, Florida) judgment of conviction for trafficking oxycodone and hydocodone. Respondents submitted a memorandum in opposition to the Amended Petition on September 27, 2012. See Respondents' Answer to Petition for Writ of Habeas Corpus and Order to Show Cause

(Response) (Doc. #26) with exhibits (Resp. Ex.). On October 3, 2011, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #10), admonishing Cooper regarding his obligations and giving Cooper a time frame in which to submit a reply. Cooper notified the Court on October 31, 2012, that he does not intend to submit a brief in reply. See Notice (Doc. #27). This case is ripe for review.

## II. Procedural History

On October 20, 2006, the State of Florida charged Cooper with trafficking in morphine, opium, oxycodone, heroin, hydrocodone or their derivatives (count one) and trafficking in cocaine (count two). Resp. Ex. A at 10-11, Information.[1] The State later amended the Information on March 2, 2007, charging him with trafficking in morphine, opium, oxycodone, heroin, hydrocodone or their derivatives (count one) and possession of cocaine (count two). Id. at 46, Amended Information. Cooper proceeded to trial in March 2007, the conclusion of which the jury found him guilty of trafficking in oxycodone and hydrocodone and not guilty of possession of cocaine. Resp. Ex. C, Transcript of the Jury Trial

---

[1] Cooper filed a pro se petition for writ of habeas corpus, asserting that the State filed a defective Information. See online docket, Timothy Cooper v. State of Florida, Case No. 1D07-1632, website for the First District Court of Appeal (http://www.1dca.org); Resp. Ex. P. On April 20, 2007, the appellate court denied the petition, citing Baker v. State, 878 So.2d 1236 (Fla. 2004). See Cooper v. State, 954 So.2d 709 (Fla. 1st DCA 2007).

(Tr.) at 168; Resp. Ex. A at 72, 73, Verdicts.  On June 6, 2007, the court sentenced Cooper to a term of seventeen years of imprisonment with a minimum mandatory term of fifteen years of imprisonment.  Resp. Ex. A at 87-92, Judgment; 134-51, Transcript of the Sentencing Proceeding (Sentencing Tr.).

On January 22, 2008, Cooper, through counsel, filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).  Resp. Ex. E at 1-13.  In the motion, Cooper asserted that his sentence was illegal because the crime of which he was convicted constituted a strict liability offense for which the punishment should not exceed one year.  The trial court denied the motion on February 4, 2008.  Id. at 14.

With the benefit of counsel, Cooper appealed, arguing that: he had not knowingly and intelligently waived his right to self-representation because the trial court's Faretta[2] inquiry was inadequate (ground one); the trial court reversibly erred when it restricted defense counsel's cross examination of Detectives Bishop and Miller as to whether they knew who owned the vehicle where Cooper was found (ground two); and Cooper's sentence was illegal because trafficking in a controlled substance is a strict liability offense for which he could not receive a sentence of greater than one year of imprisonment (ground three).  Resp. Ex. F.  The State filed an Answer Brief.  See Resp. Ex. G.  On January 21, 2009, the

---

[2] Faretta v. California, 422 U.S. 806 (1975).

appellate court affirmed Cooper's conviction and sentence per curiam without issuing a written opinion, see Cooper v. State, 998 So.2d 608 (Fla. 1st DCA 2009); Resp. Ex. H, and the mandate issued on February 6, 2009.[3]  Cooper did not seek review in the United States Supreme Court.

On April 13, 2009, Cooper filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Resp. Ex. I at 3-39.  He later amended the motion on May 18, 2009.  Id. at 40-81.  In his request for post conviction relief, Cooper asserted that defense counsel was ineffective because he failed to: file a motion to correct illegal sentence (ground two); argue illegal search and seizure (ground three); argue that there was neither probable cause nor reasonable suspicion to stop, detain or arrest him (ground four); argue "immunity against prosecution" (ground five); and move for dismissal of the charges due to a defective Information (ground six).  Additionally, Cooper asserted that counsel misadvised him (ground one), and "systematically" denied him effective assistance (ground seven). On May 26, 2009, the trial court dismissed Cooper's motion without prejudice to his right to file an amendment or clarification "as he may feel appropriate."  Id. at 83.  In doing so, the court explained:

---

[3] See http://www.1dca.org, Timothy Cooper v. State of Florida, Case No. 1D07-3215.

The Amended Motion (and the initial motion as well) consists of some is [sic] 33 pages of hyperbole, argument, accusation, and vilification of the State Attorney, defense counsel, and the legal system in general. The motion appears to suggest that the defendant, or the author of his motion, has settled on a collection of legal phrases garnered from assorted motions and used the "cut and paste" method of creation of his motion. Such continuity of thought as there may be in the motion does not appear at all to be directly related to anything that happened in the trial of this cause.

In the light most favorable to the defendant, it appears that he is claiming ineffective assistance of counsel in that counsel failed to file a motion to suppress. However, the defendant's motion utterly fails to provide factual support for this claim. Defendant takes some 20 pages to argue his conclusion that he should not have been prosecuted, but fails to show any facts upon which counsel might have acted.

Also in the light most favorable to the defendant, it appears that he is again claiming that there was some sort of sleight of hand or fraud perpetrated on the Court, and therefore the defendant, by the fact that he was provided with a conformed copy of the properly executed information and not a photocopy of same or at least that's what his argument appears to be. As the defendant has attached copies of the information, there is at least a factual basis for this claim, albeit invalid.

Rather than deny the motion outright, it seems appropriate to afford the defendant an opportunity to clarify the facts upon which his claim is based. Accordingly, the Court shall give him the opportunity to amend as to the matter of the motion to suppress. The defendant has adequately preserved his claim regarding the falsely filed information.

<u>Id</u>. at 82-83.

On June 15, 2009, Cooper filed a <u>pro</u> <u>se</u> amended motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion). <u>Id</u>. at 85-89.  In his amended motion, Cooper asserted that defense counsel was ineffective because he failed to adopt Cooper's <u>pro</u> <u>se</u> motion to suppress or file a proper motion to suppress (ground one), and failed to file a motion to dismiss count one (ground two).  On November 20, 2009, the trial court denied the Rule 3.850 motion, concluding that Cooper's motion failed to set forth any cognizable ground for relief under Rule 3.850.  <u>Id</u>. at 94-96.  On appeal, Cooper filed a <u>pro</u> <u>se</u> brief, <u>see</u> Resp. Ex. J, and the State notified the court that it did not intend to file an answer brief, <u>see</u> Resp. Ex. K. On May 10, 2010, the appellate court affirmed the trial court's denial per curiam, <u>see</u> <u>Copper v. State</u>, 37 So.3d 851 (Fla. 1st DCA 2010); Resp. Ex. L, and later denied Cooper's motion for rehearing on June 16, 2010, <u>see</u> Resp. Exs. M; N.  The mandate issued on July 2, 2010.  <u>See</u> Resp. Ex. O.

According to the state court online docket, <u>see</u>, https://core.duvalclerk.com, Case No. 16-2006-CF-015334-AXXX-MA, Cooper filed another Rule 3.850 motion on July 21, 2010.  On August 17, 2010, the circuit court denied the motion; the appellate court granted Cooper a belated appeal on January 19, 2011, <u>see</u> <u>Cooper v.</u> <u>State</u>, 53 So.3d 1093 (Fla. 1st DCA 2011); ultimately affirmed the

trial court's denial per curiam on April 8, 2011, see Cooper v. State, 58 So.3d 263 (Fla. 1st DCA 2011); and the mandate issued on May 4, 2011.[4]

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

---

[4] See http://www.1dca.org, Timothy Cooper v. State of Florida, Case No. 1D11-943.

## V. Standard of Review

The Court will analyze Cooper's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, 28 U.S.C. § 2254(d) "bars religation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S.Ct. 770, 784 (2011). As the United States Supreme Court recently stated, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S.Ct. 10, 16 (2013). This standard of review is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal law' . . . refers to the holdings . . . of

8

[the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2003).

As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:

> A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context. An application of federal law cannot be considered unreasonable merely because it is, in our judgment, incorrect or erroneous; a state court decision must also be unreasonable. Questions of law and mixed questions of law and fact are reviewed de novo, as is the district court's conclusion regarding the reasonableness of the state court's application of federal law.

Jennings v. McDonough, 490 F.3d 1230, 1236 (11th Cir. 2007) (quotation marks and citations omitted). In sum, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409, 120 S.Ct. at 1521. Finally, 28 U.S.C. § 2254(e)(1) commands that for a writ to issue because the state court made an "unreasonable determination of the facts," the petitioner must rebut "the presumption of correctness [of a state court's factual

findings] by clear and convincing evidence."[5]
28 U.S.C. § 2254(e)(1).

Ward v. Hall, 592 F.3d 1144, 1155-56 (11th Cir. 2010).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Harrington, 131 S.Ct. at 785 (holding that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002). Thus, to the extent that Cooper's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith,

---

[5] "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. <u>Id</u>., at 689, 104 S.Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>., at 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." <u>Id</u>., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id</u>., at 687, 104 S.Ct. 2052.

<u>Harrington</u>, 131 S.Ct. at 787-88.

Since both prongs of the two-part <u>Strickland</u> test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." <u>Ward</u>, 592 F.3d at 1163 (citation omitted). "Surmounting <u>Strickland</u>'s high bar is never an easy

task." Harrington, 131 S.Ct. at 788 (quoting Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010)).

A state court's adjudication of an ineffectiveness claim is accorded great deference. "The standards created by Strickland and § 2254(d) are both 'highly deferential,' [Strickland], at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, Knowles[6], 556 U.S., at ----, 129 S.Ct. at 1420." Harrington, 131 S.Ct. at 788.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009); see also Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to

---

[6] Knowles v. Mirzayance, 556 U.S. 111 (2009).

a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision.").

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Cooper asserts that the trial court erred in sentencing him to a seventeen-year term of incarceration with a minimum mandatory term of fifteen years for trafficking oxycodone and hydrocodone because Florida law has made the crime a strict liability offense and due process of law requires lenient sentencing for strict liability offenses.  Cooper raised this issue in his brief on direct appeal, see Resp. Ex. F; the State filed an Answer Brief, see Resp. Ex. G; and the appellate court affirmed Cooper's conviction and sentence per curiam without issuing a written opinion, see Cooper, 998 So.2d 608.

The State, in its brief, addressed this claim on the merits. Resp. Ex. G at 19-23.  Thus, the appellate court may have affirmed Cooper's conviction based on the State's argument on the merits. If the appellate court addressed the merits, Cooper would not be entitled to relief because the state court's adjudication of this claim is entitled to deference under AEDPA.[7]  After a comprehensive review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable

---

[7] See Harrington, 131 S.Ct. at 785.

13

application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Cooper is not entitled to relief on the basis of this claim.[8]

Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference, Cooper's claim is without merit. The Due Process Clause of the Fourteenth Amendment requires the State to prove beyond a reasonable doubt each element of the offense charged. Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997) (citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)). Cooper bases his due process claim on a line of Florida cases and statutory changes to Florida's drug laws.

> In Chicone, the supreme court [of Florida] held that the offense of possession of a controlled substance included not only knowledge that the substance was in the defendant's possession, but also knowledge of the illicit nature of the substance. See id. at 738.[[9]] Subsequently, in Scott v. State, 808 So.2d 166 (Fla. 2002), the supreme court determined that, regardless of the defense raised or the affirmative defenses asserted, a defendant is entitled to an instruction on the element of guilty knowledge in a possession case because it is an element of the crime. See id. at 170. The Scott court stated that

---

[8] See Shelton v. Sec'y, Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012) (reversing the district court's decision that Florida's drug statute is unconstitutional for failing to provide a mens rea element; holding that the district court's failure to accord deference to the state court decision violated AEDPA), cert. denied, 133 S.Ct. 1856 (2013).

[9] Chicone v. State, 684 So.2d 736 (Fla. 1996).

failure to give the requested instruction is not harmless error. Id. In McMillon v. State, 813 So.2d 56 (Fla. 2002), Chicone was extended to cases where the defendant was charged with sale of cocaine.

Both Chicone and Scott were addressed, however, by the legislature's enactment of section 893.101, Florida Statutes (2002), which states the following:

(1) The Legislature finds that the cases of Scott v. State, Slip Opinion No. SC 94701 [,808 So.2d 166] (Fla. 2002) and Chicone v. State, 684 So.2d 736 (Fla. 1996), holding that the state must prove the defendant knew of the illicit nature of a controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.

(2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.

The effective date of the statute is May 13, 2002 and it may not be applied retroactively. See Quaintance v. State, 845 So.2d 294 (Fla. 1st DCA 2003) (For any offense occurring prior to May 13, 2002, an essential element of the crime of possession of an illegal substance was knowledge of the illicit nature of the substance); see also Blunt v. State, 831 So.2d 770, 772 (Fla. 4th DCA 2002) (May 13, 2002 law may not be applied retroactively to a charge arising before its effective date).

Sandifer v. State, 851 So.2d 788, 789-90 (Fla. 4th DCA 2003).

The crime in the instant case occurred on October 5, 2006, see Resp. Ex. A at 46, Amended Information, well after May 13, 2002, the effective date of the statute. Thus, in accordance with Florida law, knowledge of the illicit nature of the substance was no longer an essential element of the crime at the time it was committed. Section 893.101, Florida Statutes (2002); see Knox v. Sec'y, Dep't of Corr., 3:10-cv-306-J-20TEM, Order (Doc. #19), filed August 11, 2011; Case No. 3:10-cv-306-J-20TEM, Eleventh Circuit's Order (Doc. #25) (denying Knox's motion for a certificate of appealability), dated July 9, 2012. The jury was instructed properly pursuant to the applicable law. See Tr. at 146. Of course, "writing of elements into crimes is for the Legislature," not the courts.[10] McMillon v. State, 813 So.2d 56, 59 (Fla. 2002) (Wells, C.J., dissenting).

In the instant case, guilty knowledge is not an element of the offense of trafficking oxycodone and hydrocodone, since Cooper committed the offense on October 5, 2006, after the effective date of the amended statute. Indeed, Cooper's assertion that the offense of trafficking oxycodone and hydrocodone is a "strict liability offense" is without merit.  See Flagg v. State, 74 So.3d 138, 140-

---

[10] Not only is the Legislature charged with the writing of the elements of crimes, it is also "vested with broad authority to determine intent requirements in defining crimes."  Wright v. State, 920 So.2d 21, 23 (Fla. 4th DCA 2005) (citations omitted). The Florida courts have concluded that "the elimination of the difficult-to-prove element of knowledge of a substance's illicit nature" is rationally related to the strong governmental interest of addressing the drug problem.  Id.

41 (Fla. 1st DCA 2011) (stating petitioner's argument - that Florida Statutes section 893.101(2) converted his drug possession offense into a strict liability crime that violates due process because of the felony punishment provided for the offense - "has been rejected many times by this court and other district courts of appeal"), cert. denied, 133 S.Ct. 1809 (2013); Williams v. State, 45 So.3d 14 (Fla. 1st DCA 2010) (per curiam) (rejecting petitioner's claim that his sentences are unconstitutional because, by virtue of Florida Statutes § 893.101, his offenses are "strict liability offenses" for which the maximum sentences that can be imposed consistent with due process are no more than one year in jail), rev. denied, 53 So.3d 1022 (Fla. 2011); Wright v. State, 920 So.2d 21, 24 (Fla. 4th DCA 2005) (finding that § 893.101 "does two things: it makes possession of a controlled substance a general intent crime, no longer requiring the state to prove that a violator be aware that the contraband is illegal, and, second, it allows a defendant to assert lack of knowledge as an affirmative defense"), rev. denied, 915 So.2d 1198 (Fla. 2005).

Here, Florida Statutes section 893.101 required only that a matter peculiarly within Cooper's knowledge - that the substance at issue was illicit - be raised as an affirmative defense rather than proven in the State's case-in-chief. The offense for which he was convicted (trafficking oxycodone and hydrocodone) is not a strict liability crime entitling Cooper to a sentence of no more than one

year in jail.  Quite to the contrary, Cooper's seventeen-year term of imprisonment, imposed pursuant to Florida Statutes section 775.082, with a minimum mandatory fifteen-year term of imprisonment, and Florida Statutes section 893.135(1)(c)1.b., see Resp. Ex. A at 87-92, Judgment; Sentencing Tr. at 145-50, is lawful and does not violate Cooper's right to due process of law. This ground does not warrant federal habeas corpus relief.

## B. Ground Two

As ground two, Cooper asserts the trial court erred when it limited defense counsel's cross examination of Detectives Bishop and Miller as to whether they knew who owned the vehicle where Cooper was found.  Cooper raised this issue in his brief on direct appeal, see Resp. Ex. F; the State filed an Answer Brief, see Resp. Ex. G; and the appellate court affirmed Cooper's conviction and sentence per curiam without issuing a written opinion, see Cooper, 998 So.2d 608.  For purposes of analysis, the Court will assume that Cooper sufficiently exhausted the claim in state court and that the claim is properly before this Court.[11]

The State, in its brief, addressed the claim on the merits. Resp. Ex. G at 14-16.  Thus, the appellate court may have affirmed Cooper's conviction based on the State's merits argument.  If the appellate court addressed the merits, Cooper would not be entitled to relief because the state court's adjudication of this claim is

---

[11] See Response at 20-24.

entitled to deference under AEDPA.[12]  After a careful review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Cooper is not entitled to relief on the basis of this claim.  Additionally, even assuming that the state court's adjudication of this claim is not entitled to deference, Cooper's claim is without merit because the trial court did not abuse its discretion in limiting the cross-examination relating to the ownership of the vehicle that Cooper occupied when the officers found him with illegal drugs in his lap.  <u>See</u> Response at 24-25; Resp. Ex. G at 14-16; Tr. at 33-42, 51, 72-73.

### C. Ground Three

As ground three, Cooper asserts that the trial court abused its discretion when it denied his "equivocal request for self-representation." Amended Petition at 1C.  He states that, although he ultimately agreed to accept representation by counsel, he did not knowingly and intelligently waive his right to represent himself because the trial court's <u>Faretta</u> inquiry was "legally inadequate." <u>Id</u>.  Cooper argued this issue in his brief on direct

---

[12] <u>See</u> <u>Harrington</u>, 131 S.Ct. at 785.

appeal, <u>see</u> Resp. Ex. F; the State filed an Answer Brief, <u>see</u> Resp. Ex. G; and the appellate court affirmed Cooper's conviction and sentence per curiam without issuing a written opinion, <u>see</u> <u>Cooper</u>, 998 So.2d 608.

The State, in its brief, addressed the claim on the merits. Resp. Ex. G at 9-12. Thus, the appellate court may have affirmed Cooper's conviction based on the State's argument on the merits. If the appellate court addressed the merits, Cooper would not be entitled to relief because the state court's adjudication of this claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Cooper is not entitled to relief on the basis of this claim.

Additionally, assuming that the state court's adjudication of this claim is not entitled to deference, Cooper's claim is, nevertheless, without merit. The seminal United States Supreme Court decision on the issue of the right to self-representation is <u>Faretta v. California</u>, 422 U.S. 806 (1975), in which Faretta, a criminal defendant, "clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want

counsel." Id. at 835.  The Supreme Court held that a defendant has
a right to represent himself but, in order to do so, he must
knowingly and intelligently waive his right to counsel.  Id.

In the instant case, just prior to jury selection, Cooper told
the trial judge that he "would like to go pro se" at trial and did
not need a public defender to represent him.  Resp. Ex. B at 4.  As
part of the Faretta inquiry, see id. at 5-13, the following
colloquy ensued.

> THE COURT: How many challenges do you
> have during the jury selection process?
>
> THE DEFENDANT: Man, I really don't know,
> sir.
>
> THE COURT: That's my point, Mr. Cooper.
> [Assistant Public Defender] Mr. Jackson[,] I'm
> sure does.  What do you think that you can do
> that he's not going to be able to do?
>
> THE DEFENDANT: Well, I do have to be
> honest.  I haven't gave him a chance.  So, you
> know, that's one thing, but I know how
> [Assistant Public Defender] Mr. Leombruno was,
> but I haven't gave Mr. Jackson a chance.
>
> THE COURT: I suggest you-all sit down and
> go talk about this a little bit.  I think this
> is not a place to continue the trial.  That's
> not going to happen.
>
> MR. JACKSON: I understand, Judge.
>
> THE COURT: And, I don't know, maybe you
> and Mr. Leombruno didn't get it off on the
> right foot, and, listen to me, if you want to
> represent yourself, I will let you.  I think
> you're crazy for doing it.  The risks to you
> are significant.
>
> THE DEFENDANT: Okay.

> THE COURT: They are significant, but it
> is absolutely your decision. So why don't
> y'all take a little break.

Id. at 13-14.  After discussing the issue with Assistant Public

Defenders Mark Jackson and Katherine Littell, Cooper decided to

give Assistant Public Defender Jackson "a chance" and affirmed to

the court that he would "use Mr. Jackson" at trial.  Id. at 16.

Next, Assistant Public Defender Jackson notified that court that he

had advised Cooper that he would represent him at trial.  Id.  With

that, the trial judge proceeded to the jury selection process and

the trial. On this record, the Court finds no error in the trial

court's actions. This ground does not warrant federal habeas corpus

relief.

### D. Ground Four

As ground four, Cooper asserts that counsel was ineffective

because he failed to file a motion to suppress the evidence.

Assuming that pro se Petitioner intends to raise the same

ineffectiveness of trial counsel claim here that he raised in his

Rule 3.850 motion in state court, his ineffectiveness claim is

sufficiently exhausted.  The trial court ultimately denied the post

conviction motion, stating in pertinent part:

> In his current motion, the defendant
> contends that trial counsel was ineffective in
> failing to adopt a pro se motion to suppress
> filed by the defendant and/or failing to file
> counsel's own motion to suppress. In the light
> most favorable to the defendant he contends
> ineffective assistance from counsel because
> suppression of the pills found in the

22

defendant's possession would have changed the outcome of the trial. . . .

The following is a brief summary of the evidence heard by the Jury.  On the date of the defendant's arrest, officers of the Jacksonville Sheriffs Office arrived at a residence to execute a search warrant.  The residence was not that of the defendant.  When the officers performing security duty for the search approached the residence, the defendant was seen in a vehicle parked in the driveway. For officers['] safety he was asked to step out of the vehicle. When he did so an assortment of pills fell from his lap and onto the ground immediately adjacent to the driver's door. One of the officers secured the defendant and pointed him and the pills out to another officer.  The second officer detained the defendant and collected the pills that had been on the [sic] his lap.

Representatives of the Florida Department of Law Enforcement laboratory testified to the nature, mixture, and weight of the pills.  As to the defendant's claim that trial counsel should have filed a motion to suppress, it is noted that it is axiomatic that counsel cannot file pleadings unless there is a legal basis to do so.  Nothing advanced at the trial and, for that matter, nothing alleged in the defendant's current motion would have permitted or required trial counsel to file a [sic] such a motion.  The defendant was found in plain view in possession of the drugs for which he was charged.

Resp. Ex. I at 95-96.  Upon Cooper's appeal, the appellate court affirmed the trial court's denial per curiam, see Copper, 37 So.3d 851, and later denied Cooper's motion for rehearing, see Resp. Exs. M; N.

Given the record in the instant action, the appellate court may have affirmed the denial of Cooper's motion for post conviction

relief on the merits.  If the appellate court addressed the merits, Cooper would not be entitled to relief because the state courts' adjudications of this claim are entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state courts' adjudications of this claim were not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor were the state court adjudications based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Cooper is not entitled to relief on the basis of this claim.

Even assuming that the appellate court did not affirm the denial of the Rule 3.850 motion on the merits or that the state courts' adjudications of this claim are not entitled to deference under AEDPA, Cooper's claim is still without merit.  The trial court's conclusion is fully supported by the record.  In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence.  The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.  "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005)

24

(citations omitted).  Thus, Cooper must establish that no competent attorney would have taken the action that counsel, here, chose.

Moreover, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings.  Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted), cert. denied, 516 U.S. 856 (1995).  Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance.  Ward v. Hall, 592 F.3d at 1164 (quotations and citation omitted); Dingle v. Sec'y for Dept. of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).  Cooper failed to carry his burden of showing that his counsel's representation fell outside that range of reasonable professional assistance.

Given the record, in this case, counsel's performance was well within the wide range of professionally competent assistance.[13]

---

[13] At sentencing, Assistant Public Defender Mark Jackson stated:

> And, Judge, I've done all the research I can on this case.  I represented Mr. Cooper to my fullest at trial.  I represented him to my fullest when I got the case pretrial.

Even assuming arguendo deficient performance by defense counsel, Cooper has not shown prejudice. Indeed, the Court notes that the State has substantial evidence against Cooper, and he has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had filed a motion to suppress. Cooper's ineffectiveness claim fails because he has shown neither deficient performance nor resulting prejudice. See Response at 32.

### E. Ground Five

As ground five, Cooper asserts that the trial court erred when it denied his Rule 3.850 motion without an evidentiary hearing and without addressing his claim relating to a "falsely filed Information." Amended Petition at 1E. To the extent that Cooper raises challenges relating to the state collateral proceeding, such challenges do not state a basis for federal habeas relief. The Eleventh Circuit Court of Appeals "has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief." Carroll v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365 (11th Cir. 2009) (citations omitted). "The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the

---

                        I understand that Mr. Cooper seems to not
        be happy with the way things went down, but I
        don't believe there's anything I can do. . . .

See Sentencing Tr. at 143.

detention or imprisonment--i.e., the conviction itself--and thus habeas relief is not an appropriate remedy." Id. (citations omitted).  Moreover, the claim is without merit in that the trial court addressed the issue several times and determined that Cooper's argument was baseless.  See Sentencing Tr. at 137-140; Resp. Ex. B at 16-19.  Thus, Cooper is not entitled to federal habeas corpus relief on this issue.

## VIII. Certificate of Appealability<br>Pursuant to 28 U.S.C. § 2253(c)(1)

If Cooper seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.  This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Cooper "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong.  See Slack, 529 U.S. at 484.  However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Amended Petition (Doc. #7) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3.   If Cooper appeals the denial of the Amended Petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of April, 2014.


MARCIA MORALES HOWARD
United States District Judge


sc 4/16
c:
Timothy Cooper
Ass't Attorney General (Pate)